FILED
United States Court of Appeals
Tenth Circuit

July 12, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

IN RE: FCC 11-161 | No. 11-9900

_____

**FIRST BRIEFING ORDER**
_____

This order addresses the pending "Petitioners' Motion To Establish A Procedural Schedule," the "Response Of Federal Communications Commission To Petitioners' Motion To Establish Briefing Schedule," and the "Joint Opposition Of Intervenors In Support Of Respondents To Petitioners' Motion To Establish A Procedural Schedule."

The number of petitioners, parties, and intervenors and the diversity of their interests have posed significant challenges to developing briefing parameters and schedules. Nevertheless, the parties have done a commendable job of framing the issues and stating their respective interests.

I. PROVISIONS GOVERNING ALL BRIEFS SCHEDULED FOR FILING BY THIS ORDER.

These consolidated cases will be proceeding on a deferred appendix, as provided in Fed. R. App. P. 30(c). Accordingly, the briefs that will be filed in connection with this order will include only preliminary or placeholder citations to the record. The briefs will be filed in electronic form only through the ECF system; no hardcopies will be filed or served at this stage. These briefs will be captioned as "Uncited." The court will later

issue directives with regard to the filing of an appendix, as provided in Fed. R. App. P. 30(c)(1), and the filing of final briefs in electronic and hardcopy form, as provided in Fed. R. App. P. 30(c)(2)(B).

All briefs must include a certification of word count as provided in Fed. R. App. P. 32(a)(7)(C).

In counting words, the parties may exclude corporate disclosure statements, the table of contents, table of citations, any glossary provided in accordance with 10th Cir. R. 28.2(C)(6), any addendum containing statutes, rules, or regulations, and any required certifications of counsel. However, headings, footnotes, and quotations must be included in the word count. Fed. R. App. P. 32(a)(7)(B)(iii).

The court stresses that the word counts imposed by this and any future orders should be considered ceilings, not floors. The parties are encouraged to prepare briefs that do not use all the words now being allocated.

10th Cir. R. 32(A) notwithstanding, all briefs will use 14-point font.

10th Cir. R. 28.2(A) notwithstanding, the briefs of the parties will not include as an attachment a copy of the agency decision at issue herein.

10th Cir. R. 28.2(C)(4) notwithstanding, the merits briefs of the parties need not include a statement regarding oral argument. The court has already made a determination that oral argument is warranted, subject to reconsideration by the panel that will later be assigned to consider the consolidated cases on the merits.

The various rules providing otherwise notwithstanding, the merits briefs of the parties also may, but need not include a statement of jurisdiction, nor a statement of the case, nor a statement of facts, except as may be warranted to supplement the Joint Preliminary Brief Of The Petitioners.

The briefing deadlines established in this order for the opening briefs essentially conform to the timetable proposed by a majority of the petitioners.  Moreover, if an extension of time to file any of the briefs now being scheduled is allowed, that extension will, in fairness, require setting back the schedule for the answer briefs of the FCC that will later be established.  The petitioners have repeatedly urged that time is of the essence.  For these reasons, any motions for extension of time to meet a deadline established herein will not be granted absent extraordinary circumstances.

II.     THE JOINT PRELIMINARY BRIEF OF THE PETITIONERS.

On or before September 24, 2012, the petitioners shall file an "Uncited Joint Preliminary Brief Of The Petitioners."  This brief will contain no argumentation of any kind.  The brief will contain only a table of contents, a table of authorities, a jurisdictional statement, any introductory section that might be helpful to the court, a summary of the issues that will be presented in the merits briefs that will follow, a statement of the case describing the course of the agency proceedings, and a summary of the facts that are common to all the claims of the petitioners.  This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 6,000 words.

The purpose of this brief will be to: (1) provide for the court the factual and procedural background necessary to place the merits briefs that will follow in context; and (2) avoid duplicative formal parts in the merits briefs.

III.    PETITIONERS' OPENING MERITS BRIEFS.

A.  On or before October 9, 2012, the petitioners will file the following opening merits briefs.

   1. "Uncited Joint Intercarrier Compensation Principal Brief."  This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 12,000 words.

   2. "Uncited Joint Universal Service Fund Principal Brief."  Although the petitioners proposed two briefs of equal length governing the same general topic, the court would prefer a single brief.  This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 13,340 words.

   3. "Uncited Wireless Carrier Universal Service Fund Principal Brief."  This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 9,340 words.

   4. "Uncited AT&T's Principal Brief."  This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 5,340 words.

   5.  "Uncited Voice Over Internet Coalition Principal Brief."  This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 5,340 words.

6. "Uncited Halo Wireless, Inc. and Transcom Enhanced Services, Inc.'s Principal Brief." This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 9,340 words.

7. "Uncited Tribal Carriers' Principal Brief." This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 8,000 words.

8. "Uncited National Association of State Utility Consumer Advocates' Principal Brief." This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 2,500 words.

9. "Uncited Carrier Access Charge Recovery Principal Brief." This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 2,500 words.

B. On or before October 23, 2012, the petitioners will file the following opening merits briefs.

1. "Uncited Additional Intercarrier Compensation Issues Principal Brief." This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 11,670 words.

2. "Uncited Additional Universal Service Fund Issues Principal Brief." This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 9,340 words.

INTERVENORS' SUPPORTING BRIEF.

On or before November 6, 2012, the intervenors in support of the petitioners shall file an "Uncited Intervenors' Brief in Support of Petitioners." The proposal of the petitioners called for three separate briefs (one for state commissions and telecommunications carriers, one for wireless carriers, and one for competitive local exchange carriers). However, there would appear to be ample time for those entities to work together to file a single consolidated brief in support. This brief will be certified pursuant to Fed. R. App. P. 32(a)(7)(C) to contain fewer than 8,000 words.

IV. ANSWER BRIEFS.

Within 21 days from the date of this order, the Federal Communications Commission ("FCC") shall file a motion in which it proposes the parameters (organization and length) and dates for filing its answer briefs and any proposed intervenor brief(s) in support of the FCC.

Because of the number and complexity of the issues, the FCC's motion must propose parameters that will facilitate judicial review. The petitioners will be filing a preliminary opening brief and eleven opening merits briefs, and the intervenors will be filing one brief in support of the petitioners. The court's preferred approach would be for the FCC to file thirteen briefs that directly respond to each of the briefs filed by the petitioners and their supporting intervenors. The preliminary answer brief would make its own procedural and factual statements where the FCC is "dissatisfied with the [petitioners'] statements." *See* Fed. R. App. P. 28(b). The remaining twelve answer

briefs would directly correspond to each of the eleven merits briefs and the one intervenors' brief.

In order to be given consideration, any proposal that varies from the preferred approach stated herein must expressly address the issue of how the responses of the answer briefs will readily and directly correlate to the organization of the briefs of the petitioners and must articulate why the proposed approach would be more helpful to the court than the preferred approach.

The provisions of the Order Governing Motion Practice In The Consolidated Proceedings (10th Cir., Mar. 13, 2012) will govern the filing of any response to the FCC's motion. The petitioners are urged to coordinate a joint response though liaison counsel.

> Entered for the Court
> ELISABETH A. SHUMAKER, Clerk
>
> by: Douglas E. Cressler
>     Chief Deputy Clerk